U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 23 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES KENWORTHY | CIVIL ACTION NO. 13-cv-2160 |
| VERSUS | JUDGE DONALD E. WALTER |
| GLOBAL SANTA FE OFFSHORES, INC. | MAG. JUDGE MARK HORNSBY |

## ORDER

Before the Court is a *Daubert* Motion Regarding Jose G. Acevedo [Doc. #31], filed by Plaintiff Charles Kenworthy. Defendant Global Santa Fe Offshore Services, Inc. ("Global") opposes the motion [Doc. #33]. For the following reasons, the motion is hereby **GRANTED**, such that Acevedo's testimony will be limited to that of a fact, rather than an expert, witness.

In response to a "return to work examination request" from Transocean, Dr. Jose Acevedo conducted what he calls "a fitness for duty determination on [Plaintiff] to determine whether he could safely work off shore without posing a threat to his safety or the safety of others."[1] Plaintiff's motion seeks to exclude Acevedo's testimony, under both Federal Rule of Evidence 702 as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, based on a purported lack of any reliable basis for his opinion. Plaintiff argues that Global has failed to properly identify Acevedo's particular field of expertise; that Acevedo should more properly be labeled a fact witness, rather than an expert; and that Acevedo's reliance on an outdated clinical study on diabetes is contrary to current scientific knowledge about

---

[1] Doc. #31-1, pp. 18-19 ("Transocean Medtrack- Return to Work Examination Request") and p. 25, ¶ 6 (Declaration of Jose Acevedo).

diabetes and its management. For these reasons, Plaintiff claims that Acevedo's report and opinion are legally insufficient, and he should be disqualified as an expert witness.

On the other hand, Global claims that Acevedo's testimony serves only to refute Plaintiff's employment discrimination claim, by showing that Global had an honest belief in a legitimate, non-discriminatory reason for terminating Plaintiff. As such, Global argues that Acevedo's testimony is not subject to Rule 702 or *Daubert*, as it is merely relevant in evaluating Global's motives for terminating Plaintiff. However, to the extent that Acevedo's testimony is deemed to be subject to Rule 702, Global argues that his testimony is reliable and his methodologies are based on extensive experience in occupational and environmental medicine, as well as guidelines issued by the United States Coast Guard.

In order for Plaintiff to establish a prima facie case of disability discrimination, he must demonstrate "that (a) he has a disability; (b) he is a qualified individual for the job in question; and (c) an adverse employment decision was made because of his disability." *Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The burden then shifts to the employer to rebut the presumption with evidence showing a legitimate, non-discriminatory reason for its action. *Id.* "The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Id.* "If the employer produces any evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action, then the employer has satisfied its burden of production." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)(internal citation omitted). "Once the employer has met

its burden, the shifting burden scheme is abandoned and becomes irrelevant. The employer's intent is a question of fact, for which the plaintiff carries the burden of persuasion." *Id.*

Here, the Court is satisfied that Dr. Acevedo's testimony should be limited to that of a fact witness. The relevant fact is that Acevedo provided Global, or Transocean, with a medical assessment which purportedly played some role in the employment decisions that followed. As the Fifth Circuit has explained, "[w]hether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide." *Deines v. Texas Dept. of Protective & Regulatory Services.*, 164 F.3d 277, 281 (5th Cir. 1999). "The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination." *Id.* Therefore, considering the purpose of Acevedo's testimony in this employment discrimination case, it is unnecessary to qualify Acevedo as an expert witness under Rule 702. Plaintiff's motion [Doc. #31] is hereby **GRANTED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 23rd day of October, 2014.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE